THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| VAREX IMAGIN CORP. and VAREX IMAGIN DEUTSCHLAND AG, <br><br>  Plaintiffs, <br> v. <br><br> HOUMAN JAFARI, CETTEEN GMBH, H&P ADVANCED TECHNOLOGY GMBH, ESSPEN GMBH, and H&S HOLDING UG, <br><br>  Defendants. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:24-cv-796 DBP <br><br> Chief Magistrate Judge Dustin B. Pead |

Plaintiffs Varex Imaging Corporation and Varex Imaging Deutshland AG (Varex), move *ex parte* for an order authorizing service via email and mail under Fed. R. Civ. P. 4(f)(3) on Defendants.[1] As set forth herein, the motion is granted.

## BACKGROUND

Varex initiated this matter in October 2024 alleging Defendant Houman Jafari utilized other entities, including the named Defendants in this case, to engage in a "continuing scheme to improperly obtain, misappropriate, and illegally use intellectual property owned by his business partners and competitors."[2] Varex is a supplier of medical x-ray tubes, digital detectors, and other imaging solutions. Plaintiffs sought to develop carbon nanotube x-ray tubes to grow its business. Varex entered into a joint venture agreement with Defendants to "develop, produce, and sell x-ray imaging components and systems based on nanotube technology."[3] Needless to

---

[1] ECF No. 26.

[2] Complaint at 2.

[3] *Id.* at 4.

say, the joint venture did not turn out as Varex had hoped. Instead, Jafari allegedly exploited the joint venture for his personal gain through various alter-egos leading to serious issues with Varex. This included loss of intellectual property, business relationships, and good-will Varex had with long-term customers.

Varex brings claims for violations of RICO,[4] fraudulent inducement, trade secret misappropriation under federal and local Utah law, unjust enrichment, copyright infringement, and tortious interference. Plaintiffs aver that Jafari and the four related German entities he controls, have stalled these proceedings by refusing to accept service of the Complaint. Varex sought to serve the Complaint pursuant to the Hague Convention, but the German Central Authority in Munich, Germany refused to effectuate service. The German Central Authority determined that the Hauge Convention does not apply because Utah has a split-recovery statute, which results in any award of punitive damages being partially paid to the state. Varex also sets forth details concerning additional efforts to try and serve Defendants, but these efforts have proved unfruitful. Plaintiffs argue when courts have faced similar circumstances, they have permitted service via email and mail. Specifically, Varex seeks to serve the "Complaint on Defendants (1) via email to their German and former U.S. counsel and (2) via mail to the corporate Defendants' official addresses, as listed in the German Corporate Register, and to Jafari's residence."[5]

## DISCUSSION

Varex seeks to serve its Complaint via email and mail. Federal Rule of Civil Procedure 4(h)(2) provides, a foreign corporation may be served "at a place not within any judicial district

---

[4] RICO stands for Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962(d).

[5] Motion at 6, ECF No. 26.

of the United States, in any manner prescribed by Rule 4(f) for serving an individual."[6] Under Rule 4(f)(3), an individual may be served in a foreign country "by other means not prohibited by international agreement, as the court orders."[7] Under Rule 4(f)(3) "a court may fashion a means of service on an individual in a foreign country so long as the ordered means of service: (1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process, meaning that it must be reasonably calculated to provide notice and an opportunity to respond."[8] "Courts interpreting Rule 4(f) have concluded that this rule does not create a hierarchy of preferred methods of service."[9] Thus, parties are "not required to comply with Rule 4(f)(1) or (2) before seeking service under Rule 4(f)(3)."[10]

The party seeking service by alternate means "need[] only to demonstrate that the facts and circumstances of the present case necessitate[] the district court's intervention."[11] The alternate means of service must comport with due process.[12] "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"[13]

Varex argues that service of process via email and mail on the foreign Defendants is appropriate, not prohibited by international agreement or barred by the law, and is reasonably

---

[6] Fed. R. Civ. P. 4(h)(2).

[7] Fed. R. Civ. P. 4(f)(3).

[8] *Bowery v. Best Little Sites*, No. 2:21-CV-00567-JNP-JCB, 2022 WL 1751595, at *2 (D. Utah Mar. 24, 2022).

[9] *Blackbird Capital, LLC v. Worth Group Capital, LLC,* No. 2:21-CV-0037-DB-DAO, 2022 WL 464234, at *2 (D. Utah Feb. 15, 2022) (citing *Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1015 (9th Cir. 2002)).

[10] *Id.*

[11] *Rio Props.,* 284 F.3d at 1016.

[12] *Id.*

[13] *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950) (Jackson, J.)).

calculated to give notice to Defendants. In fact, according to Varex, in cases with similar circumstances where the German Central Authority determined that the Hauge Convention does not apply, courts have granted motions seeking alternative service on German entities in Germany. For example, in *In re Takata Airbag Prods. Liab. Litig*,[14] the court concluded the Hague Convention did not apply and service of process through BMW AG's counsel in the United States, "together with publication through appropriate channels in Germany, comports with due process."[15] The district court in New Jersey reached a similar decision. In *In re Mercedes-Benz Emissions Litig*.,[16] German authorities declined service based on a "split-recovery statue." So, the court permitted service through Plaintiffs' motion to effectuate service on Bosch GmbH's United States counsel.

Here the circumstances are strikingly similar to those cases. German authorities declined service via the Hauge Convention due to Utah's split-recovery statute. Thus, the Hague Convention requirements are inapplicable here. Next, service by mail and by email is not prohibited by international agreement. Plaintiffs provide the addresses for Defendants, other than Jafari, are their official addresses as listed in the German Corporate Register. Jafari would be served at his residence. Service by mail and by email has been held to satisfy the requirements of due process.[17] Third, service of process via mail and email satisfies the requirements for due process under the Rules. Plaintiffs seek to serve Defendants by email to their German counsel

---

[14] No. 15-02599-MD, 2017 WL 8809362, at *4 (S.D. Fla. Mar. 24, 2017), report and recommendation adopted, No. 14-24009-CV, 2017 WL 8809106 (S.D. Fla. Apr. 27, 2017)

[15] *Id.* at *6.

[16] No. CV16881SDWJAD, 2019 WL 2913309, at *1 (D.N.J. July 2, 2019).

[17] *See, e.g., Tulsa Pro. Collection Servs., Inc. v. Pope*, 485 U.S. 478, 490 (1988) (citing cases) ("We have repeatedly recognized that mail service is an inexpensive and efficient mechanism that is reasonably calculated to provide actual notice."); *Inception Mining, Inc. v. Mother Lode Mining, Inc.*, No. 2:24-cv-00171-CMR, 2024 WL 4696749, at *3 (D. Utah Nov. 6, 2024) (requiring service by email and via Registered Mail).

and on CETTEEN'S U.S. counsel. The court finds that the additional step of emailing these parties provides additional safeguards and ensures due process.[18] Accordingly, Plaintiffs are to effectuate service via mail and email as set forth in their motion.

## CONCLUSION AND ORDER

Having considered Plaintiffs' Motion and for good cause appearing, IT IS HEREBY ORDERED:

1) The Motion is GRANTED.

2) Plaintiffs are to complete service on Defendants within fourteen days from the date of this order as follows:

3) Via mail at the addresses listed on the summonses issued by this court to Defendants. Plaintiffs are to utilize a tracking system showing delivery to Defendants' respective addresses.

4) Via email to Defendants' German counsel, Dr. Bauer and Mr. Selleck and on CETTEEN's U.S. counsel, Mr. Thiel. This is to be done with a "request read receipt" and "request a delivery receipt" function applied.

5) A copy of this signed Order Granting Motion for Alternative Service must be served with the Summons and the Complaint.

6) Plaintiffs shall file a declaration or proof of service once service is complete.

---

[18] The court notes that CETTEEN GmbH and Varex have been involved in another matter in this court. In that case CETTEEN sought discovery from Varex to use in foreign proceedings. *See In Re Cetteen GmbH*, Case No. 2:24-mc-228 HCN DAO. The court ultimately denied CETTEEN's motion, but it is evident that at least one of the Defendants in this case is very familiar with proceedings in this court.

IT IS SO ORDERED.

       DATED this 2 May 2025.

                                              _____
                                              Dustin B. Pead
                                              United States Magistrate Judge