Stephen Wood (USB #12403)
Grace Pusavat (USB #15713)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
2755 E. Cottonwood Parkway, Suite 430
Salt Lake City, Utah 84121
(801) 515-7300
stephenwood@quinnemanuel.com
gracepusavat@quinnemanuel.com

David Y. Livshiz (admitted *pro hac vice*)
Timothy T. Howard (admitted *pro hac vice*)
Jacob Johnston (admitted *pro hac vice*)
Noelle Williams (admitted *pro hac vice*)
**FRESHFIELDS US LLP**
3 World Trade Center
175 Greenwich Street, 51st Floor
New York, New York 10007
(212) 284-4979
david.livshiz@freshfields.com
timothy.howard@freshfields.com
jacob.johnston@freshfields.com
noelle.williams@freshfields.com

*Attorneys for Varex Imaging Corporation and*
*Varex Imaging Deutschland AG*

---

## THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| VAREX IMAGING CORPORATION and VAREX IMAGING DEUTSCHLAND AG, | |
| *Plaintiffs*, | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXTEND RESPONSE DEADLINE THROUGH JUNE 27, 2025** |
| v. | |
| HOUMAN JAFARI, CETTEEN GMBH, H&P ADVANCED TECHNOLOGY GMBH, ESSPEN GMBH, and H&S HOLDING UG, | Case No. 2:24-cv-00796-DBP |
| *Defendants*. | Chief Magistrate Judge Dustin B. Pead |

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

BACKGROUND ........................................................................................................... 2

    A. Varex Commences Litigation and Attempts To Serve the Complaint ........................... 2

    B. German Counsel Reshuffle ........................................................................... 3

    C. Varex Attempts to Keep this Litigation Moving ................................................. 4

    D. Defendants Send Inflammatory Letters Alleging Criminal Charges ......................... 5

    E. Defendants Request Initial Extension; Varex Agrees............................................ 7

    F. Defendants Request Additional Extension Despite Counsel's Familiarity ..................... 8

ARGUMENT ................................................................................................................ 8

I. DEFENDANTS HAVE FAILED TO ESTABLISH GOOD CAUSE FOR AN EXTENSION OF TIME........................................................................................................... 8

    A. Defendants' Motion is Part of Coordinated Tactics to Delay Proceedings in the United States and Germany and Should Be Denied ..................................................... 9

    B. Varex Will Be Prejudiced By Further Delay and Defendants' Motion is Unreasonable........................................................................................... 10

CONCLUSION............................................................................................................ 11

# TABLE OF AUTHORITIES

**Cases**                                                                                                **Page(s)**

*In Re Cetteen GmbH,*
    2:24-mc-00228-HCN (D. Utah Mar. 29, 2024), ECF No. 37 ...........................................3, 8, 10

*Eller v. Trans Union, LLC,*
    739 F.3d 467 (10th Cir. 2013) .......................................................................................8

*State Auto Prop. & Cas. Ins. Co. v. Ortler,*
    No. 4:24-CV-00023-AMA-PK, 2024 WL 4008489 (D. Utah Aug. 30, 2024).........................9

*Zurich Amercian Ins. Co. v. Ascent Constr., Inc.,*
    No. 120CV00089DBBCRM, 2022 WL 4072973 (D. Utah June 22, 2022) .............................9


**Other Authorities**

Fed. R. Civ. P. 6(b) ..........................................................................................................8

Fed. R. Civ. P. 12(b) ......................................................................................................10

Handbk. Fed. Civ. eDisc. & Records § 5:9 (4th ed.) .........................................................5

UT R SUP CT Rule 14-301 ...............................................................................................9

Varex Imaging Corporation, Def. Proxy Statement (filed Dec. 30, 2024), EDGAR,
    https://www.sec.gov/Archives/edgar/data/1681622/000110465921153792/tm2
    135585-1_def14a.htm (last visited June 14, 2025) ......................................................5

Plaintiffs Varex Imaging Corporation and Varex Imaging Deutschland AG (collectively, "Varex") respectfully oppose Defendants' Houman Jafari ("Jafari"), CETTEEN GmbH ("CETTEEN"), H&P Advanced Technology GmbH ("H&P"), ESSPEN GmbH ("ESSPEN"), and H&S Holding UG ("H&S") (collectively, "Defendants") Motion to Extend Response Deadline Through June 27, 2025 ("Motion").

## INTRODUCTION

Defendants' request—their second—for an extension of time to respond to the Complaint is part of an extensive pattern of obstructive conduct to delay litigation. Because further delay prejudices Varex, particularly in light of Defendants' ongoing extrajudicial defamation campaign, Varex opposes Defendants' request.

Varex accommodated Defendants' initial request for a three-week extension. This Court authorized Varex to serve Defendants via alternative service on May 2. Varex effected service the same day. Defendants, who have known about this litigation for *eight months* have thus now had six weeks to prepare a response to the Complaint. Rather than use that time to do so, Defendants have instead purported to file criminal complaints in Germany against Plaintiffs' senior management alleging, *inter alia*, that by commencing this Action they have committed a crime in Germany. Taking matters a step further, Defendant CETTEEN then engaged in a defamation campaign, writing to Varex's directors, stockholders and customers to inform them that "criminal complaints have been filed" in Germany against Varex's senior management. Defendants cannot both seek to defer this litigation through seriatim extensions, while simultaneously seeking to hold Varex's executives *criminally* liable for filing this action on the basis that it is meritless and

therefore defamatory.  This is particularly true as Defendants are intentionally taking advantage of this litigation being paused by defaming Varex's executives.

For almost eight months, Defendants have intentionally delayed progress both in this litigation and litigation in Germany while seeking to use an extrajudicial campaign of purported criminal complaints and letter writing to pressure Varex.  This cannot continue.  Defendants have taken advantage of Varex's courtesy to assault Varex's business and reputation.  A speedy resolution of the Complaint's viability is required to vindicate Varex's legal rights before this Court.  Varex therefore opposes the additional extension Defendants seek.

## BACKGROUND

### A.  Varex Commences Litigation and Attempts To Serve the Complaint

After initially sending Defendants a courtesy copy, Varex filed the Complaint almost ***eight months ago***.  *See* Compl., ECF No. 2.  Defendants have yet to respond.  Almost immediately after Varex filed the Complaint, and despite repeated requests, Defendants refused to accept service.  Mot. for Leave to Serve Defs. by Alt. Means, ECF No. 26 at 9.  Varex then had to expend significant time and resources to serve Defendants through the Hague Convention—a process that took over four months.  Despite our efforts, the German Central Authority in Munich, Germany declined to effect service due to Utah's "split-recovery statute." *See id*. at 3.

Varex then sought leave for alternative service, which this Court granted on May 2, 2025.  *See* Mem. Decision and Order, ECF No. 32.  Yet, instead of complying with the Court's Order, Defendants dedicated their efforts to dodging service.  On the same day the Court granted Varex's motion for alternative service, Defendants CETTEEN and ESSPEN, changed their official corporate addresses.  *See* Decl. of David Livshiz of Proof of Serv., ECF No. 33 ¶¶ 11–13.

2

Meanwhile, Dr. Benedikt Salleck, Defendants' (now former) counsel in Germany, sought to evade this Court's Order by claiming that he no longer represented the Defendants.  Varex was nevertheless able to effect service.  *Id.* ¶ 14.

## B. German Counsel Reshuffle

Defendants' German counsel's actions in ongoing litigation in Germany further illustrate Defendants' motives and dilatory tactics.  There are currently five ongoing litigations in Germany between the parties (none of which address the issues before this Court).  Four of those proceedings concern shareholder matters between the parties (the "Shareholder Litigations") and one is a negative declaratory judgment action brought by Varex seeking a declaration that it is not liable for damages to CETTEEN ("DJ Action").[1]  Decl. of Katharina Niemz ("Niemz Decl.") ¶ 4.

On May 23, 2025, the Regional Court (Landgericht) of Nürnberg-Fürth, Germany (the "German Court") convened a hearing in two of the Shareholder Litigations, during which settlement discussions took place.  Niemz Decl. ¶ 4.  These negotiations were unsuccessful.  *Id.*  The German Court then scheduled a date to announce its decision in those actions for July 25, 2025.  *Id.*  A hearing in the DJ Action was scheduled for July 18, 2025.

---

[1]  While some of the Defendants have claimed in extrajudicial correspondence that Varex has misappropriated their intellectual property, they have tellingly not brought any court proceedings to vindicate these rights.  *See* Williams Decl.  Ex. B at 2, Ex. C at 2.  Indeed, Defendants' previous efforts to seek discovery in this court in aid of Germany proceedings were denied because this court concluded that, contrary to their representations in this court, CETTEEN had not commenced any claim based on Varex's misappropriation of intellectual property.  *See In Re Cetteen GmbH*, 2:24-mc-00228-HCN (D. Utah Mar. 29, 2024) ("CETTEEN 1782"), ECF No. 37 at 7 ("CETTEEN's failure to disclose in its application that it is seeking discovery for *contemplated* claims constitutes a critical omission") (emphasis in original).

On June 2, 2025, all German counsel for the Defendants, including Dr. Gertraud Bauer, the German lawyer that this Court allowed Varex to serve in this action, resigned from all five of the German litigations. *Id.* ¶ 5; Mem. Decision and Order, ECF No. 32.[2]  Dr. Bauer was replaced by Mr. Michael Salleck. *Id.* ¶ 6.  Notwithstanding that Mr. Salleck is (i) the uncle of Dr. Benedikt Salleck, (ii) has represented at least some of the Defendants in other matters between the parties at various times, and (iii) was the managing director of one of the Defendants' during the time when all of the events of the Litigations took place, *id.* ¶ 9, he immediately requested that the German Court postpone the July 25 decision in the Shareholder Litigations and the July 18 hearing in the DJ action to September. *Id.* ¶ 7.  His reason: Mr. Salleck is "unavailable" in July due to being on vacation and he also needed time to familiarize himself with the case. *Id.*  Mr. Salleck's request for an extension to familiarize himself with the case, in particular, is not well taken because Mr. Salleck has been acting as the attorney for CETTEEN for weeks ***prior to*** the May 23, 2025 hearing, *id.* ¶ 10, including by sending defamatory letters, dated May 7 and 16, on behalf of CETTEEN to one of Varex's largest stockholders, members of its board of directors, and one of its biggest customers. *See* Part D *infra*.  These resignation and postponement tactics in Germany are just another example of Defendants' efforts to delay resolution of the parties' disputes.

### C.  Varex Attempts to Keep this Litigation Moving

Based on the general expected timeline for service under the Hague Convention, and prior to the declination of service by the German Central Authority, Varex began efforts to prepare for this litigation.  This included sending identical litigation hold notices to four entities: Smiths

---

[2]    In Germany, resignation from a matter does not bar attorneys from later reappearing as acting counsel.  Niemz Decl. ¶ 5.

Heimann GmbH, GE Healthcare Technologies Inc., Siemens Healthineers AG, and Medical Valley EMN e. V. The correspondence also attached the Complaint filed with this Court. *See, e.g.*, Decl. of Noelle Williams ("Williams Decl.") Ex. A.

The hold notices, which are "important tools" in U.S. litigation,[3] were sent to entities that Varex believes have "previously done business with Dr. Jafari and/or his affiliated entities, and so may have documents related to" this litigation. Williams Decl. Ex. A at 2.[4] The notices requested that the entities "preserve any and all documents in your possession, custody or control related to Dr. Jafari, any of his above-named affiliates, VEC, Varex, or events that are detailed in the" Complaint. *Id.* Ex. A. The notices include a standard list of electronic information that Varex requests be preserved. *Id.* Ex. A at 3–4.

### D. Defendants Send Inflammatory Letters Alleging Criminal Charges

On May 9, 2025, Varex's second largest stockholder,[5] Pzena Investment Management, LLC ("Pzena"), alerted Varex that it received a letter from Mr. Michael Salleck accusing Varex's executives of engaging in criminal conduct. ("Pzena Letter").[6]

The Pzena Letter purports to inform Pzena of "facts," but is instead nothing more than an attempt to falsely accuse Varex and Varex's senior management team of, *inter alia*, breaches of fiduciary duties and other misconduct. Williams Decl. Ex. B at 1. This included false allegations

---

[3]  Handbk. Fed. Civ. eDisc. & Records § 5:9 (4th ed.).

[4]  For example, the Complaint, references Medical Valley, Smiths and Siemens at various points; they are therefore appropriate discovery targets. *See, e.g.*, Compl., ECF No. 2 ¶¶ 17, 91, 97.

[5]  Varex Imaging Corporation, Def. Proxy Statement at 34 (filed Dec. 30, 2024), EDGAR, https://www.sec.gov/Archives/edgar/data/1681622/000110465921153792/tm2135585-1_def14a.htm (last visited June 14, 2025).

[6]  Williams Decl. Ex. B.

that Varex and its senior management team are engaging in "continuous and willful breach of existing client contracts," "obstruction of running development and supply contracts," and "theft" of "intellectual property." *Id.*

Significantly, the Pzena Letter further made serious allegations of *criminal* misconduct, asserting that criminal complaints have been filed in Germany against Varex's senior management team. *Id.* Ex. B at 2–3. As particularly relevant here, the letter indicates that one of the criminal complaints lodged in Germany against Varex's management team is a direct response to Varex seeking to protect its rights by filing this action before this Court. *See id.* Ex. B at 3. Specifically, CETTEEN states that in response to Varex filing the Complaint in this Action, "**another criminal complaint** has been filed at a competent court in Germany for defamation . . . and other offenses against the relevant member [*sic*] of the VAREX Management Team." *Id.* Ex. B at 3 (emphasis in original).

Six members of Varex's Board of Directors have also received letters substantially similar to the Pzena Letter. *See, e.g.*, Williams Decl. Ex. C.

It is worth noting that not only is such correspondence improper, it is highly misleading. Writing to American investors and directors, Mr. Salleck asserts that criminal complaints have been filed against Varex's senior management, suggesting that German law enforcement authorities have made the determination that probable cause exists that a crime has been committed. Williams Decl. Ex. A at 2–3, Ex. B at 2–3. That is not the case. In Germany, any individual can complain to the police and/or the prosecuting office that they are a victim of a crime by filing a "complaint." Niemz Decl. ¶ 10. That is what Mr. Salleck has done here. To the best of Varex's knowledge, no criminal investigation has been opened by any German law enforcement authorities

and, certainly, no neutral third party has made a determination that probable cause exist that a crime has been committed.  *Id.* ¶¶ 10–12.  The German prosecutors have not filed any complaint against any Varex executive.  *Id.* ¶ 12.  That, however, is not reflected in Mr. Salleck's correspondence.  *See* Williams Decl. Exs. B, C.

Unlike the hold notices that Varex sent, these letters were not sent to any parties that would have had relevant information. Nor did they request that documents be preserved. In utter shock by the false and defamatory content of the letter, and the brazen delivery to a top Varex stockholder the day before the Varex earnings release, Varex sent a cease-and-desist letter to Mr. Michael Salleck on May 16, 2025 ("C&D Letter").  Mr. Salleck ignored the C&D Letter.  Despite repeated requests to Mr. Salleck and Defendants' counsel in this litigation, Defendants have refused to provide Varex with the copies of the criminal complaints they purportedly filed.

On June 10, Varex received notice from a Japanese client, Canon Medical Systems ("Canon"), that Canon had received a letter nearly identical to the Pzena Letter ("Canon Letter"). Williams Decl. Ex. D.  The Canon Letter was dated May 16, 2025, the day that Varex sent the C&D Letter, and was sent on behalf of CETTEEN and ESSPEN by Mr. Michael Salleck.

The Canon Letter made similar allegations to the Pzena Letter.  *Id.* Ex. D at 2.  The Canon Letter also gave notice of alleged criminal complaints filed in Germany against the Varex management, including the complaint that was allegedly filed with the court in direct response to this civil action.  *Id.* Ex. D at 3.

### E.  Defendants Request Initial Extension; Varex Agrees

Notwithstanding the letters to Varex's investors, directors and customers, and Defendants' previous unwillingness to accept service of the Complaint, when Defendants' U.S. counsel

approached Varex on May 20, 2025 seeking an extension to respond to the Complaint, Varex agreed and stipulated to a three-week extension. *See* Stipulated Motion to Extend Response Deadline, ECF No. 37. The Court granted it. *See* Order Granting Stipulated Motion to Extend Response Deadline, ECF No. 38.

### F. Defendants Request Additional Extension Despite Counsel's Familiarity

Defendants' counsel now moves—mere hours before Defendants' time to respond expired—for a further extension. Defendants could have sought additional time when they first approached Plaintiffs on May 20, but they did not. This may be because Defendants' counsel felt comfortable with the subject matter, ***having previously been counsel for CETTEEN in a related matter against Varex before this very court***. *See generally* CETTEEN 1782. Although Plaintiffs informed Defendants on the morning of June 11 that Plaintiffs would not consent to the extension, *see* Motion Ex. 3 at 1–2, Defendants still waited until the afternoon of June 13, the already-extended deadline for their response, to petition the Court.

***

Now on notice of the breadth of CETTEEN's reckless conduct and delay tactics, Varex opposes the further extension of time in this litigation as expeditious judgment is needed to stop Defendants' misconduct once and for all.

<h2 style="text-align:center">ARGUMENT</h2>

### I. DEFENDANTS HAVE FAILED TO ESTABLISH GOOD CAUSE FOR AN EXTENSION OF TIME

Federal Rule 6(b) permits the Court to extend time for "good cause." Fed. R. Civ. P. 6(b). Defendants have failed to demonstrate good cause sufficient to justify any additional extensions in this case. An extension of time is "by no means a matter of right." *Eller v. Trans Union, LLC*,

8

739 F.3d 467, 478 n.10 (10th Cir. 2013). "Good cause comes into play in situations in which there is no fault—excusable or otherwise." *Zurich Amercian Ins. Co. v. Ascent Constr., Inc.*, No. 120CV00089DBBCRM, 2022 WL 4072973 (D. Utah June 22, 2022) (unpublished). The "most important factors" for determining "good cause" include "the possibility of prejudice to the other parties, the length of the applicant's delay and its impact on the proceeding, the reason for the delay and whether it was within the control of the movant, and whether the movant has acted in good faith." *State Auto Prop. & Cas. Ins. Co. v. Ortler*, No. 4:24-CV-00023-AMA-PK, 2024 WL 4008489, at *1 (D. Utah Aug. 30, 2024) (unpublished).

A party may oppose an extension request when such extension would be detrimental to the client's interests. *See* UT R SUP CT Rule 14-301 ("Lawyers should agree to reasonable extension requests . . . when not detrimental to their client's interests."). Such is the case here.[7]

### A.    Defendants' Motion is Part of Coordinated Tactics to Delay Proceedings in the United States and Germany and Should Be Denied

The Complaint was filed almost ***eight months*** ago. Compl., ECF No. 2. Despite this, Defendants' counsel claims "[g]ood cause supports Defendants' request for a two-week extension." *See* Motion at 3. Not so. Defendants' counsel conveniently sidesteps that the reason there are delays in responding to the Complaint are due to his co-counsel's actions. Moreover, Defendants' counsel's proffered reason that Defendants "seek[] a brief and targeted extension that will enable them to formulate a full and complete response to the Complaint," Motion at 4, is puzzling since Defendants have known about the Complaint since September 2024 when Varex sent a courtesy copy prior to filing, and Defendant's counsel has been acting for Defendants in

---

[7]    Varex requests that Defendants' Motion be denied, but in the alternative, we ask that the extension only be granted through June 20, 2025.

proceedings before this court **well before that**.  *See* CETTEEN 1782, ECF No. 5 (Defendant's counsel appeared for CETTEEN in a related action on April 4, 2024).  Varex should not be punished for Defendants' bad faith conduct.

> **B.    Varex Will Be Prejudiced By Further Delay and Defendants' Motion is Unreasonable**

Varex is currently experiencing irreparable harm and will continue to do so if Defendants are allowed to continue to further delay these proceedings.  Under the federal rules, the appropriate challenge to a complaint filed in U.S. District Court is a motion to dismiss.  *See* Fed. R. Civ. P. 12(b). However, here, Defendants have sought to pressure Varex into dropping this Action by seeking to have Varex's management criminally charged in Germany and by litigating this case in the court of public opinion.  CETTEEN's letters make multiple references to "criminal complaints" that have been filed in Germany.  *See, e.g.*, Williams Decl. Ex. B at 2–3, Ex. C at 2–3, Ex. D at 2– 3.  But, as noted above, this is not ongoing litigation.  These "criminal complaints" are merely grievances filed by Mr. Michael Salleck on behalf of CETTEEN with the police or the public prosecutor.  Niemz Decl. ¶ 11.  Defendants have done nothing more than complain to German authorities and are misrepresenting their grievance as official state-sanctioned action, or a finding by a court that there is reason to believe that crimes were committed, for the sole purpose of damaging Varex's reputation and putting extrajudicial pressure on Varex to obtain an advantage in litigation.  As of the filing of this Opposition, there is no ongoing criminal litigation in Germany involving Varex or any of its officers or Directors.  *Id.* ¶ 13.

Moreover, at least some of the criminal complaints that CETTEEN has allegedly filed are defamation-based claims in opposition to this litigation.  To the extent Defendants want to challenge the veracity of Varex's allegations, the proper venue is this Court, and the proper form

is a dismissal motion.  That motion should be made promptly so that Varex could oppose it and this Court could adjudicate it.

## CONCLUSION

For the foregoing reasons, Varex respectfully requests that the Court deny Defendants' Motion.

Dated: June 14, 2025

**QUINN EMANUEL URQUHART & SULLIVAN LLP**

By:    */s/ Grace Pusavat*
Stephen Wood
Grace Pusavat
2755 E. Cottonwood Parkway, Suite 430
Salt Lake City, Utah 84121
(801) 515-7300
stephenwood@quinnemanuel.com
gracepusavat@quinnemanuel.com

**FRESHFIELDS US LLP**

David Y. Livshiz*
Timothy T. Howard*
Jacob Johnston*
Noelle Williams*
3 World Trade Center
175 Greenwich Street, 51st Floor
New York, NY 10007
Telephone: (212) 277-4000
Facsimile: (212) 277-4001
david.livshiz@freshfields.com
timothy.howard@freshfields.com
jacob.johnston@freshfields.com
noelle.williams@freshfields.com
*Admitted *Pro Hac Vice*

*Attorneys for Varex Imaging Corporation and Varex Imaging Deutschland AG*

**WORD COUNT CERTIFICATION**

I, Grace Pusavat, certify that Varex Imaging Corporation and Varex Imaging Deutschland AG's Opposition to Defendants' Motion to Extend Response Deadline Through June 27, 2025 contains 3,023 words and complies with DUCivR 7-1(a)(4).

/s/ *Grace Pusavat*
Grace Pusavat

**CERTIFICATE OF SERVICE**

I, Grace Pusavat, hereby certify that on June 14, 2025, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court for the District of Utah, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.


/s/ *Grace Pusavat*
Grace Pusavat

13