# EXHIBIT 6

Larissa Lee (15657)
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
15 W. South Temple, Ste 1700
Salt Lake City, Utah 84101
(801) 401-8525
larissa.lee@wsgr.com

David Y. Livshiz (admitted pro hac vice)
Linda H. Martin (admitted pro hac vice)
Umer M. Ali (admitted pro hac vice)
Noelle Williams (admitted pro hac vice)
**FRESHFIELDS BRUCKHAUS DERINGER US LLP**
3 World Trade Center
175 Greenwich Street, 51st Floor
New York, New York 10007
(212) 284-4979
david.livshiz@freshfields.com
linda.martin@freshfields.com
umer.ali@freshfields.com
noelle.williams@freshfields.com

*Attorneys for Varex Imaging Deutschland AG*

## THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| In re Application of CETTEEN GmbH for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings. | **VAREX IMAGING DEUTSCHLAND AG'S REPLY TO CETTEEN'S RESPONSE TO VAREX GERMANY'S MOTION FOR RECIPROCAL DISCOVERY AND MEMORANDUM IN SUPPORT**<br><br>Case No. 2:24-mc-00228-HCN-DAO<br><br>District Judge Howard C. Nielson, Jr.<br>Magistrate Judge Daphne A. Oberg |

Varex Germany, through its undersigned counsel, respectfully submits this brief in reply to Petitioner CETTEEN GmbH's ("CETTEEN") Response to Varex Germany's Motion in the Alternative for a Reciprocal Exchange and Protective Order, ECF 34 (the "Response").[1]

In its opening brief, Varex Germany showed that—if this Court overrules Varex U.S. and Varex Germany's objections to the issuance of Section 1782 discovery to CETTEEN—it should condition the grant of Section 1782 discovery on CETTEEN providing reciprocal discovery to Varex Germany. "CETTEEN does not oppose Varex Germany's request that the Court condition a grant of CETTEEN's Section 1782 Application" on CETTEEN providing reciprocal discovery. Response at 2. Thus, should this Court conclude that Section 1782 discovery is warranted (and, again, for reasons Varex Germany and Varex U.S. have set forth, it should not), it should condition such a grant on CETTEEN providing reciprocal discovery.

The only question remaining is: what does "reciprocal" mean? CETTEEN argues that reciprocity means that it should only have to produce documents and information responsive to the very requests that CETTEEN itself propounded. *Id.* at 2-4. There is no basis—in law or common sense—for so narrowly cabining reciprocal discovery. CETTEEN seeks discovery concerning a particular dispute between the parties concerning the ownership of certain intellectual property. Application at 4-6. CETTEEN has therefore crafted its discovery requests to focus on particular claims and arguments that it would like to advance in that litigation. In the same dispute, Varex Germany has advanced and will advance its own claims and arguments and it should be permitted to propound discovery focusing on these claims and arguments. A different result would

---

[1] Capitalized terms not defined herein have the same meaning as defined in Varex Imaging Corporation's ("Varex U.S.") Opposition to CETTEEN's Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings, ECF No. 23.

grant CETTEEN an unfair litigation advantage. It would get discovery into the parts of the dispute that it believes serves its case but would not have to provide Varex Germany with discovery concerning the parts of the dispute that are advantageous to Varex Germany. That would result in an inequitable outcome—precisely what reciprocal discovery is designed to avoid.[2]

As Varex Germany stated in its Motion, district courts are given "wide discretion to determine whether to grant discovery and equally wide discretion to tailor such discovery to avoid attendant problems [such as an uneven playing field in the non-U.S. litigation]." *In re Esses*, 101 F.3d 873, 876 (2d Cir. 1996). The point of reciprocal discovery is to ensure that all parties have the information they need to assert their claims and defenses. *See In re Consorcio Minero, S.A. v. Renco Grp., Inc.*, No. 11 Mc. 354, 2012 WL 1059916, at *3 (S.D.N.Y. Mar. 29, 2012) (unpublished) ("[A] district court could condition relief [under 28 U.S.C. § 1782] upon a reciprocal exchange of information, as such would lend parity to the disclosure mix.").

As a threshold matter, CETTEEN concedes that Varex Germany's second category for discovery—seeking information regarding the "inventorship, development and ownership" concerning the intellectual property and related patents—is reciprocal to the information CETTEEN seeks. Response at 2-3. Therefore, at minimum, this category of discovery should be granted.

However, CETTEEN is wrong about the remaining categories of information that Varex Germany intends to seek in reciprocal discovery. CETTEEN's contention that Varex Germany should not get these categories of documents—which concern information about the JVA relevant

---

[2]  To the extent the Court sees it as appropriate to order the parties to meet and confer concerning the scope of discovery, Varex Germany does not oppose this request.

to the parties' intellectual property dispute, VEC's attempt to misappropriate that intellectual property by signing agreements with third parties, and related shareholder meetings—because they do not mirror the discovery that CETTEEN seeks makes little sense and is unsupported by decisional authority.

Adopting CETTEEN's approach would in effect result in the one-way discovery that reciprocal discovery seeks to avoid. Specifically, CETTEEN seeks discovery concerning Varex U.S.'s (i) manufacturing efforts, (ii) Varex U.S.'s purported efforts to reverse engineer emitter modules, and (iii) Varex U.S.'s communications concerning the intellectual property (including patents) at issue. *See, e.g.*, Application Subpoena Ex. A; Requests Nos. 1, 3, 4. CETTEEN seeks these in the apparent hope that it will establish its claim that Varex U.S. and Varex Germany breached their obligations under the JVA and/or misappropriated CETTEEN's intellectual property. While this information may or may not prove useful to CETTEEN, there is little reason to expect that CETTEEN itself has any information about what Varex U.S. did, or did not, do. That material is likely in Varex's files. Moreover, it would make little sense to require exact parity of issues because, for example, CETTEEN was not involved in "manufacturing efforts pursuant to the JVA." *Id.* Request No. 1. Thus, to limit Varex Germany's reciprocal discovery to CETTEEN's categories would result in one way discovery. This is what reciprocal discovery is designed to avoid.

Meanwhile, should CETTEEN bring litigation concerning its intellectual property claims in Germany, Varex Germany intends to assert claims concerning the impact of the JVA on the intellectual property in question, including whether CETTEEN has any rights to that property at

all under the JVA, and CETTEEN's misuse of Varex's intellectual property.³ These claims are germane to the parties' intellectual property dispute. Varex Germany has every right to seek that information through reciprocal discovery. Otherwise, CETTEEN would get discovery in aid of its claims and arguments, but Varex Germany would be unable to reciprocally obtain documents relevant to its claims and arguments for the exact same legal dispute. This is the opposite of reciprocity.

It is not surprising that CETTEEN provides no decisional support for its assertion that Varex Germany must limit its discovery requests to the mirror-image of discovery sought by CETTEEN. There is no such requirement because the decision to grant reciprocal discovery and to tailor it to the particular needs of each case, is within the discretion of the Court. *See* Order, *In re Porsche Automobil Holding S.E.,* No. 3:16-cv-00323 (D. Conn. Mar. 23, 2016) (Dkt. No. 62) (unpublished) ("[Movant] provides no 'controlling decisions or data' requiring reciprocal discovery to be related to the same claim or defense. Reciprocal discovery may be analogous and maintain informational parity if the information exchanged is related to the same foreign action."); *Consorcio*, 2012 WL 1059916 at *3. In fact, this Court has previously recognized that reciprocity

---

³ To be clear, CETTEEN's initial discovery application asserted that it sought discovery in aid of the parties' pending litigation concerning the effect of certain shareholder meetings. Application at 2. If that is the case, then the discovery CETTEEN seeks has no relevance to that litigation, but the discovery that Varex Germany seeks does, in as much as it seeks discovery concerning the parties' JVA and the related shareholder meetings. Motion at 4. After Varex Germany pointed out the discrepancy between the subject matter of the litigation then-pending between the parties and the discovery sought, CETTEEN changed its tune and claimed that it was seeking discovery in aid of contemplated intellectual property proceedings that it anticipated bringing against Varex Germany. ECF 28 at 3-4. If that is the case, then all of Varex Germany's requests concern the parties' dispute as they seek information relevant to the key issue in that litigation: did either party misuse the intellectual property at issue and to whom does that intellectual property belong. *See* Application at 4-5.

4

allows the court flexibility to achieve procedural parity.  Report and Recommendation, *In re Christopher P. Hill*, No. 2:14-mc-00908 (D. Utah Dec. 12, 2014) (Dkt. No. 20) (unpublished); *see also Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1101–02 (2d Cir. 1995) (explaining that reciprocal discovery is intended "to insure procedural parity" and remedy the "many ways in which a blanket, 'American-style' grant of discovery to one side in a foreign lawsuit may confuse or skew that litigation").[4]

In *Hill*, this Court explained that reciprocal discovery could be based on different issues because the "same request[s] would have no relevance" in the foreign proceeding. *Hill* at 7.  This Court should do likewise.  Although Varex Germany's and CETTEEN's claims relate to the same underlying dispute, they are nevertheless different because the claims and arguments the parties are advancing in the same dispute are also different.  Providing discovery concerning only one party's theory, by requiring reciprocal discovery to address identical discovery requests, would not achieve parity, the very purpose of reciprocal discovery.  As such, this Court should grant Varex Germany's requested discovery. *See Euromepa*, 51 F.3d at 1101–02; *Hill* at 7-8; *Porsche* Dkt. No. 62.

## CONCLUSION

For the foregoing reasons, Varex Germany respectfully requests that, if this Court does not deny the Application or quash the 1782 Subpoenas, it grant Varex Germany's Motion for reciprocal discovery. Varex Germany further requests that any information exchanged be subject to a protective order.

---

[4]   In its Response, CETTEEN cites *Euromepa*, but that decision merely states that a court can tailor the discovery to the needs of the case.  Response at 3.  Nothing therein supports the narrow scope of reciprocal discovery for which CETTEEN advocates.

Dated: August 20, 2024   **WILSON SONSINI GOODRICH & ROSATI**

            Larissa Lee
            15 West South Temple
            Gateway Tower West, Suite 1700
            Salt Lake City, UT 84101
            (801) 401-8525
            larissa.lee@wsgr.com

            **FRESHFIELDS BRUCKHAUS DERINGER US LLP**

           By: */s/ David Y. Livshiz*
            David Y. Livshiz*
            Linda H. Martin*
            Umer M. Ali*
            Noelle Williams*
            3 World Trade Center
            175 Greenwich Street, 51st Floor
            New York, NY 10007
            Telephone: (212) 277-4000
            Facsimile: (212) 277-4001
            david.livshiz@freshfields.com
            linda.martin@freshfields.com
            umer.ali@freshfields.com
            noelle.williams@freshfields.com
            *Admitted *Pro Hac Vice*

           *Attorneys for Varex Imaging Deutschland AG*

**WORD COUNT CERTIFICATION**

  I, David Y. Livshiz, certify that Varex Imaging Deutschland AG's Reply to CETTEEN's Response to Varex Germany's Motion for Reciprocal Discovery and Memorandum in Support contains 1,532 words and complies with DUCivR 7-1(a)(4).

              /s/  *David Y. Livshiz*
              David Y. Livshiz