# EXHIBIT 7

Larissa Lee (15657)
WILSON SONSINI GOODRICH & ROSATI, P.C.
15 W. South Temple, Ste 1700
Salt Lake City, Utah 84101
(801) 401-8525
larissa.lee@wsgr.com

David Livshiz (admitted pro hac vice)
Linda H. Martin (admitted pro hac vice)
Umer M. Ali (admitted pro hac vice)
Noelle Williams (admitted pro hac vice)
FRESHFIELDS BRUCKHAUS DERINGER US LLP
3 World Trade Center
175 Greenwich Street, 51st Floor
New York, New York 10007
(212) 284-4979
david.livshiz@freshfields.com
linda.martin@freshfields.com
umer.ali@freshfields.com
noelle.williams@freshfields.com

*Attorneys for Varex Imaging Corporation*

# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| In re Application of CETTEEN GmbH for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings. | **VAREX IMAGING CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO THE APPLICATION OF CETTEEN GMBH FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782**<br><br>**Oral Argument Requested**<br><br>Case No. 2:24-mc-00228-HCN-DAO<br><br>District Judge Howard C. Nielson, Jr.<br>Magistrate Judge Daphne A. Oberg |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................. i

PRELIMINARY STATEMENT ........................................................................................... 1

BACKGROUND ................................................................................................................... 2

    A.    The Joint Venture Agreement. ................................................................... 2

    B.    Dr. Jafari's History of Misappropriating Intellectual Property. ............ 2

    C.    The German Litigations. ............................................................................ 3

    D.    CETTEEN Attempts to Gather Sensitive Information in Advance of the Potentially-Dispositive May 17 Hearing, Including Through Section 1782................................................................................................................ 4

LEGAL STANDARD ........................................................................................................... 5

ARGUMENT ......................................................................................................................... 6

    I.    CETTEEN'S APPLICATION DOES NOT SATISFY SECTION 1782'S "FOR USE" REQUIREMENT. ......................................................................... 6

    II.    ALTERNATIVELY, CETTEEN'S APPLICATION FAILS UNDER INTEL. ................ 7

        A.    The Requested Evidence is Within the German Court's Jurisdiction................... 7

        B.    CETTEEN's Requests Seek to Circumvent a Potentially Adverse Ruling by the German Court. ................................................................................. 8

        C.    CETTEEN's Requests Are Unduly Intrusive and Burdensome. ........................ 10

CONCLUSION .................................................................................................................... 11

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*In re Application by Rhodianyl S.A.S.*,
   No. 11-CV-1026 (JTM), 2011 U.S. Dist. LEXIS 72918 (D. Kan. Mar. 25,
   2011) ..................................................................................................................9

*In re Application of Elvis Presley Enters.*,
   No. 15-MC-386 (DLC), 2016 WL 843380 (S.D.N.Y. Mar. 1, 2016) ...................8, 9

*In re Ex Parte Application of Qualcomm Inc.*,
   162 F. Supp. 3d 1029 (N.D. Cal. 2016) ...............................................................10

*In re Application of Venequip, S.A. v. Caterpillar Inc.*,
   83 F.4th 1048 (7th Cir. 2023) ................................................................................9

*In re Atvos Agroindustrial Investimentos S.A.*,
   481 F. Supp. 3d 166 (S.D.N.Y. 2020) ...................................................................6

*In re BonSens.org*,
   95 F.4th 75 (2d Cir. 2024) .................................................................................6, 7

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
   No. 07-CV-5944 (JST), 2013 WL 183944 (N.D. Cal. Jan. 17, 2013) ....................9

*Certain Funds, Accts. &/or Inv. Vehicles v. KPMG, L.L.P.*,
   798 F.3d 113 (2d Cir. 2015) ...............................................................................5, 7

*Euromepa S.A. v. R. Esmerian, Inc.*,
   51 F.3d 1095 (2d Cir. 1995) ...............................................................................6, 11

*Intel Corp. v. Advanced Micro Devices, Inc.*,
   542 U.S. 241 (2004) ....................................................................................... *passim*

*In re Jud. Assistance Pursuant to 28 U.S.C. 1782 by Macquarie Bank Ltd.*,
   No. 14-CV-00797 (GMN) (NJK), 2015 WL 3439103 (D. Nev. May 28, 2015) ....10

*In re Kivisto*,
   No. 12-4118, 521 F.App'x 886, 2013 U.S. App. LEXIS 11851 (11th Cir.
   2013) ....................................................................................................................11

*In re Kreke Immobilien KG*,
   No. 13-MC-110 (NRB), 2013 WL 5966916 (S.D.N.Y. Nov. 8, 2013) ................8, 9

*In re Microsoft Corp.*,
   428 F. Supp. 2d 188 (S.D.N.Y. 2006) ...................................................................9

| **Cases** | **Page(s)** |

*In re Postalis*,
    No. 18-MC-497 (JGK), 2018 WL 6725406 (S.D.N.Y. Dec. 20, 2018) .................................6, 7

*In re Schlich*,
    893 F.3d 40, 49 (1st Cir. 2018) ......................................................................................7

*Schmitz v. Bernstein Liebhard & Lifshitz, LLP.*,
    376 F.3d 79 (2d Cir. 2004) ........................................................................................7, 8

**Statutes**

28 U.S.C. § 1782 ................................................................................................................ *passim*

Respondent Varex Imaging Corporation ("Varex U.S.") respectfully submits this brief in opposition to Petitioner CETTEEN GmbH's ("CETTEEN") April 2, 2024 *ex parte* application (the "Application") for discovery pursuant to 28 U.S.C. § 1782 ("Section 1782"), ECF No. 3 ("App.").

## PRELIMINARY STATEMENT

CETTEEN's Application is a classic misuse of Section 1782 to obtain sensitive, confidential information from an adversary—not for use in a foreign proceeding, but to gain a competitive advantage.

CETTEEN—whose controlling owner (Dr. Houman Jafari) has stolen intellectual property from several companies, been sued in U.S. court for stealing a former employer's intellectual property, and previously misappropriated Varex U.S.'s intellectual property to boot—now seeks to do so again by requesting a bevy of confidential, commercially sensitive documents relating to Varex U.S.'s intellectual property and trade secrets for purported use in a German litigation. But those requests (which concern information largely in the possession of participants to the German litigation) come suspiciously late, after the conclusion of the parties' submission of evidence to the German court and merely six weeks before a May 17 hearing that will likely result in the outright dismissal of CETTEEN's claims. Moreover, the relative lack of confidentiality protections available in German litigations means that any information produced to CETTEEN could become publicly available.

These flaws (and others) undergird CETTEEN's failure to satisfy Section 1782's statutory requirements as well as the discretionary test set forth in *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241 (2004). The Application should be denied.

# BACKGROUND

**A.     The Joint Venture Agreement.**

Varex U.S. is an American company based in Salt Lake City, Utah. Varex Imaging Deutschland AG ("Varex Germany") is a wholly-owned indirect subsidiary of Varex U.S. Accompanying Decl. of Oliver Rieckers, ¶ 3 ("RD"). On November 22, 2018, Varex Germany entered into a Joint Venture Agreement ("JVA") with, inter alia, CETTEEN, Dr. Jafari, and H&P Advanced Technology GmbH ("H&P"). *Id.* ¶ 7. Dr. Jafari controls CETTEEN and is a 50% shareholder in H&P. *Id.* ¶ 8. Varex U.S. is not a party to the JVA. *Id.* ¶ 9.

The joint venture established an operating company, VEC Imaging GmbH & Co. KG ("VEC"). *Id.* ¶ 7. Under the JVA, the Partners (Varex Germany and CETTEEN) would work together to develop and produce nanotube technology for medical and industrial uses. *Id.* ¶ 10. Dr. Jafari was appointed as a Managing Director of VEC on behalf of CETTEEN, and Varex Germany also appointed Managing Directors. *Id.* ¶ 11.

The JVA is governed by German law and has a German choice-of-forum clause. *Id.* ¶ 13.

**B.     Dr. Jafari's History of Misappropriating Intellectual Property.**

This is not Dr. Jafari's first brush with the law. Prior to partnering with Varex, Dr. Jafari was employed by a company called XinRay Systems. Dr. Jafari left XinRay in 2016 to "join" H&P. Shortly thereafter, XinRay sued Dr. Jafari alleging that Dr. Jafari defrauded XinRay into entering a lucrative yearslong business relationship with H&P entailing the payment of millions of dollars, all without disclosing his 50% ownership interest in H&P. XinRay's amended

complaint[1] further alleges that Dr. Jafari used H&P to steal XinRay's intellectual property, and that he concealed this theft by deleting files from XinRay's server shortly before resigning.

### C. The German Litigations.

The VEC joint venture was fraught from the start. Dr. Jafari consistently violated the JVA and his fiduciary duties as a VEC Managing Director. To take but one example, Dr. Jafari entered into a contract with a third party, Siemens Healthcare GmbH, requiring the disclosure of confidential information and/or intellectual property of Varex Germany and Varex U.S. (who were not parties to the Siemens contract) without their consent, and included a provision allowing him to reallocate payment for this contract not to VEC, but to one of his related companies. *Id.* ¶ 15.

Disagreements also arose about the ownership of three key patents. The inventorship records indicate that two of these patents (referred to as patents #4 and #5) should be jointly owned by VEC and Varex U.S., and the other patent (patent #6) should be owned solely by Varex U.S. *Id.* ¶ 16.[2] Of course, Dr. Jafari now disputes this without any basis.

The parties' disagreements came to a head on January 19, 2023, when during a shareholder meeting, Varex Germany and CETTEEN, through dueling shareholder resolutions, each voted to oust the other from VEC and to take possession of the other's VEC shares. *Id.* ¶ 17. On August 29, 2023, after months of negotiations, which failed when Dr. Jafari abruptly reneged after orally agreeing to all principal terms in a term sheet, Varex Germany commenced litigation before the

---

[1] Exhibit A to the Accompanying Decl. of Umer Ali ("AD").
[2] Varex U.S. rejects CETTEEN's assertion that Varex Germany and/or Varex U.S. improperly claimed the rights to patents #4, #5, and #6. Tellingly, Dr. Jafari has not—because he cannot—commenced any formal inventorship proceedings to claim sole ownership of these patents, and Varex U.S. will vigorously litigate any such claims at the appropriate time and place.

3

Regional Court of Nürnberg-Fürth (the "German Court"), and CETTEEN commenced a competing litigation on the same day against Varex Germany (among others) (together, the "German Proceedings"), *id.* ¶ 18. CETTEEN and Varex Germany each seek the same relief from the German Court: that the court adopt the shareholder resolution that favors it and strike any opposing resolutions. *Id.* The German Proceedings are corporate proceedings, concerning the confirmation of shareholder resolutions; contrary to the Application, the German Proceedings do not involve any claims of misappropriation of intellectual property, whether seeking declaratory relief (determining the inventorship) or monetary damages. *See id.*

On January 25, 2024, the German Court notified the parties to the German Proceedings that it will hold a hearing on May 17, 2024, based on which it will likely issue a dispositive ruling. *Id.* ¶ 19. The ruling will likely be based on precedent set by the Higher Regional Court of Nürnberg, which found that parties are barred from outvoting each other in shareholder disputes like that presented in the German Proceedings. *Id.* If the German Court follows this precedent, it would dispose of the parties' claims in the German Proceedings, effectively mooting any discovery sought by CETTEEN. *Id.* ¶¶ 19, 34–35.

### D.     CETTEEN Attempts to Gather Sensitive Information in Advance of the Potentially-Dispositive May 17 Hearing, Including Through Section 1782.

On April 2, 2024—over eight months after it filed its claims in the German Proceedings, and with only six weeks remaining until the May 17 hearing—CETTEEN filed the Application. Almost simultaneously, persons and entities affiliated with Dr. Jafari (and/or under his control) began issuing a flurry of other requests for information from other parties in Germany, including a letter to Varex Germany requesting confidential trade secret information regarding its

manufacturing capabilities and letters to a university professor regarding a presentation to which Dr. Jafari consented. *Id.* ¶¶ 20–22; *see also* AD Ex. B.

CETTEEN's Application seeks discovery from Varex U.S., claiming that the requested information will "aid CETTEEN in establishing its claims" in the German Proceedings, App. 2, 3. The attached subpoena requests documents and deposition testimony from Varex U.S. concerning several confidential and commercially sensitive topics relating to Varex U.S.'s intellectual property, trade secrets, and other proprietary business information. App. Ex. A at p.5.

To justify its requests, CETTEEN asserts that the requested evidence is "for use in connection with the German Proceedings," App. 9, but does not state the precise nature of its claims, explain the procedural posture of the German Proceedings, disclose the upcoming potentially-dispositive May 17 hearing, or specify the stage of the German Proceedings (and in support of what issues) CETTEEN would attempt to introduce the requested discovery. Tellingly, the Application attaches nothing—no pleadings, sworn declarations, or other documents—providing that information to this Court. It merely asks the Court to take CETTEEN's word for it.

## LEGAL STANDARD

Section 1782 "authorizes, but does not require" district courts to provide assistance to discovery applicants for use in foreign proceedings. *Intel*, 542 U.S. at 255. The statutory text requires that the discovery sought (among other requirements) be "for use" in a foreign proceeding. 28 U.S.C. § 1782(a). CETTEEN bears the burden of proof on the statutory factors. *Certain Funds, Accts. &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 117–22 (2d Cir. 2015). And even if the statutory requirements are met, this Court has discretion to deny the application under the non-exclusive factors discussed in *Intel*: (1) whether the evidence sought is within "the foreign

5

tribunal's jurisdictional reach;" (2) "the nature of the foreign tribunal and character of the proceedings;" (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies;" and (4) whether the request is "unduly intrusive or burdensome." 542 U.S. at 264–65. Discovery "permitted under [Section 1782] is subject to the Federal Rules of Civil Procedure," *In re Atvos Agroindustrial Investimentos S.A.*, 481 F. Supp. 3d 166, 174 (S.D.N.Y. 2020), and this Court has "wide discretion" to tailor discovery orders as it sees fit, *In re Postalis*, No. 18-MC-497 (JGK), 2018 WL 6725406, at *2 (S.D.N.Y. Dec. 20, 2018) (unpublished). Additionally, "the court is free to deny the application in toto" if it "is made in bad faith, for the purpose of harassment, or unreasonably seeks cumulative or irrelevant materials," *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1101 n.6 (2d Cir. 1995).

## ARGUMENT

As set forth below, CETTEEN's Application fails to meet the requirements of Section 1782 and *Intel*, and should be denied.

### I.  CETTEEN'S APPLICATION DOES NOT SATISFY SECTION 1782'S "FOR USE" REQUIREMENT.

To satisfy Section 1782's "for use" element, CETTEEN bears the burden of "identify[ing] a procedural mechanism by which [to] inject the discovery . . . into [the German] [P]roceedings." *In re BonSens.org*, 95 F.4th 75, 80 (2d Cir. 2024). CETTEEN fails to carry this burden.

Nowhere in its threadbare Application does CETTEEN identify any "procedural mechanism" by which the discovery would be used in the German Proceedings, *see id.* at 80, which concern duelling shareholder resolutions, not claims of IP ownership. Indeed, the Application contains but a single sentence on this point, reciting formulaically that the requested discovery is

6

"for use in connection with the German Proceedings." App. 9. That is no surprise: the German Court's anticipated ruling during or after the May 17 hearing will likely moot all claims in the German Proceedings, and/or leave CETTEEN with no viable procedural path for utilizing the requested discovery in the German Proceedings. RD ¶¶ 19, 34–35. Having identified no "discernible procedural mechanism for introducing the evidence" in the German Proceedings, CETTEEN has failed to meet its burden of establishing Section 1782's "for use" element. *See Certain Funds*, 798 F.3d at 116, 122 & n.11 (internal quotations omitted); *see also, e.g.*, *BonSens.org*, 95 F.4th at 80 (same); *In re Schlich*, 893 F.3d 40, 49 (1st Cir. 2018) (same).

## II.   ALTERNATIVELY, CETTEEN'S APPLICATION FAILS UNDER INTEL.

Even if CETTEEN's Application satisfied Section 1782's statutory factors—and it does not—dismissal would still be warranted under *Intel*, as set forth below.

### A.   The Requested Evidence is Within the German Court's Jurisdiction.

"The first *Intel* factor requires the district court to consider whether the information sought . . . is within the jurisdiction of the foreign court." *Postalis*, 2018 WL 6725406, at *5. The relevant inquiry is whether the discovery sought is within the foreign tribunal's reach, not the "technical[]" target of the Section 1782 application. *Schmitz v. Bernstein Liebhard & Lifshitz, LLP.*, 376 F.3d 79, 85 (2d Cir. 2004).

Here, CETTEEN's Application asserts that Varex U.S. is not "a participant or litigant in the German Proceedings," App. 10, but concedes that the bulk of the *information it seeks* concern "Varex U.S.'s communications with Varex Germany" on various topics, App. 6. Those communications are necessarily within the possession of Varex Germany—which *is* a party to the German Proceeding—and therefore squarely within the discovery jurisdiction of the German

7

Court, *see* RD ¶ 25–32.³ Indeed, CETTEEN's Application effectively admits to using Varex U.S. as a conduit to obtain discovery from Varex Germany, its German subsidiary. *See* App. 4–6, 10. Where, as here, a "German court could require [a wholly-owned subsidiary] to produce the very information" requested from a parent company (i.e. Varex U.S.), the first *Intel* factor weighs against Section 1782 discovery. *Elvis Presley*, 2016 WL 843380, at *3; *see also Schmitz*, 376 F.3d at 85 (applicants were "for all intents and purposes . . . seeking discovery from . . . their opponent in the German litigation"). So it is here.

### B. CETTEEN's Requests Seek to Circumvent a Potentially Adverse Ruling by the German Court.

Under the second and third *Intel* factors, a district court considers "the character of proceedings underway abroad" and "whether the [Section] 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country." *Intel*, 542 U.S. at 264–65. Courts also have considered whether the "locus" of the litigation is abroad. *See In re Kreke Immobilien KG*, No. 13-MC-110 (NRB), 2013 WL 5966916, at *6 (S.D.N.Y. Nov. 8, 2013), *abrogated on other grounds by In re del Valle Ruiz*, 939 F.3d 520 (2d Cir. 2019) (unpublished).

Those considerations weigh against permitting discovery here. German civil procedure does offer proof-gathering mechanisms to obtain evidence from parties after an action is filed, RD ¶¶ 23–32, a fact that CETTEEN's Application does not dispute. However, CETTEEN never

---

³ That the German court may decide to reject CETTEEN's requests is immaterial to the first *Intel* factor. *See In re Application of Elvis Presley Enters.*, No. 15-MC-386 (DLC), 2016 WL 843380, at *3–4 (S.D.N.Y. Mar. 1, 2016) (unpublished).

8

attempted to obtain the requested discovery—which it could request from the German Court—in the German Proceedings. *Id.* ¶ 33. Rather, on the precipice of a hearing at which all claims are likely to be dismissed, CETTEEN attempted to "side-step[] less-than-favorable discovery rules by resorting" to Section 1782 as a backdoor to obtain the requested discovery. *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 07-CV-5944 (JST), 2013 WL 183944, at *3 (N.D. Cal. Jan. 17, 2013) (unpublished); *see also In re Application by Rhodianyl S.A.S.*, No. 11-CV-1026 (JTM), 2011 U.S. Dist. LEXIS 72918, at *52 (D. Kan. Mar. 25, 2011) (unpublished) (second *Intel* factor weighed against discovery because "American-style discovery or productions of documents . . . would conflict with" the more "limited discovery [available] in the [underlying] proceedings"). The fact that CETTEEN did so shortly after the German court scheduled the potentially dispositive May 17 hearing only demonstrates the bad-faith nature of CETTEEN's Application, which seeks to "preempt" an unfavorable decision from the German court. *See Kreke*, 2013 WL 5966916, at *6; *see also In re Microsoft Corp.*, 428 F. Supp. 2d 188, 195 (S.D.N.Y. 2006), *abrogated on other grounds by In re del Valle Ruiz*, 939 F.3d 520 (2d Cir. 2019) (similar); *Elvis Presley*, 2016 WL 843380, at *4 (similar); *Rhodianyl*, 2011 U.S. Dist. LEXIS 72918, at *53 (finding that "the requested discovery is not justified in light of the advanced state of the arbitration proceedings . . . only weeks ahead of the final phase of the first arbitration proceeding"). And the "locus of this action"—involving a dispute in German court, between German businesses concerning a German JVA governed by German law and with a German choice-of-forum clause— is "clearly in Germany," not the United States. *Kreke*, 2013 WL 5966916, at *6 (denying discovery based on, inter alia, the "overwhelmingly German character of . . . application"); *see also, e.g., In re Application of Venequip, S.A. v. Caterpillar Inc.*, 83 F.4th 1048, 1058 (7th Cir. 2023) (finding

9

it "particularly noteworthy that the parties had contractually selected Swiss courts and Swiss law"). Thus, the second and third *Intel* factors also weigh against discovery here.

### C. CETTEEN's Requests Are Unduly Intrusive and Burdensome.

The fourth *Intel* factor considers whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. Courts apply FRCP 26 in assessing the fourth factor, and deny requests that are "not narrowly tailored, request confidential information and appear to be a broad 'fishing expedition' for irrelevant information." *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016).

That is precisely the situation here. CETTEEN's requests concern highly confidential topics, including matters relating to Varex U.S.'s intellectual property, sensitive technology, and proprietary trade secrets, and the limited confidentiality protections available under German law would not prevent documents or information obtained by CETTEEN in this action from being accessed by in-house personnel of CETTEEN or third parties (including those affiliated with Dr. Jafari). Rieckers Decl. ¶¶ 36–41.

Moreover, the requests are not narrowly tailored, seeking all "[d]ocuments" and testimony regarding all "dealings" without limitation to any time period whatsoever. Such broad, irrelevant requests for confidential information are inappropriate under Section 1782. *See Qualcomm*, 162 F. Supp. 3d at 1043; *In re Jud. Assistance Pursuant to 28 U.S.C. 1782 by Macquarie Bank Ltd.*, No. 14-CV-00797 (GMN) (NJK), 2015 WL 3439103, at *9 (D. Nev. May 28, 2015) (unpublished) ("[C]ourts should be more inclined to grant applications that seek either a single document or only those documents relating to a particular event.").

Indeed, CETTEEN's real motivation appears to be to obtain and misuse commercially sensitive and proprietary information relating to Varex U.S.'s intellectual property and trade secrets—conduct that Dr. Jafari and entities under his control have not only previously engaged in vis-à-vis Varex U.S., but have also been accused of by unrelated parties, *supra* at 2–3—an inference strengthened by the Application's suspicious timing, coming shortly before the German Court's potentially-dispositive May 17 hearing. If a party seeks discovery "in bad faith, for the purpose of harassment, or unreasonably seeks cumulative or irrelevant materials, the court is free to deny the application in toto." *Euromepa*, 51 F.3d at 1101 n.6; *see also In re Kivisto*, No. 12-4118, 521 F.App'x 886, 888–89, 2013 U.S. App. LEXIS 11851, at *7 (11th Cir. 2013) (not selected for publication) (denying discovery sought "for vexatious purposes"). The Court should exercise its discretion to do so here.

## CONCLUSION

For the foregoing reasons, Varex U.S. respectfully requests that this Court deny CETTEEN's Application for Section 1782 discovery in full.[4]

---

[4] If the Court does not deny the Application, Varex U.S. respectfully requests that any discovery sought by CETTEEN be conditioned on reciprocal discovery in favor of Varex Germany, which is filing a contemporaneous motion to intervene, and entry of an appropriate protective order.

| | |
|---|---|
| Dated: May 8, 2024 | **WILSON SONSINI GOODRICH & ROSATI**<br><br>By:    */s/ Larissa Lee*<br>15 West South Temple<br>Gateway Tower West, Suite 1700<br>Salt Lake City, UT 84101<br>(801) 401-8525<br>larissa.lee@wsgr.com<br><br>**FRESHFIELDS BRUCKHAUS DERINGER US LLP**<br><br>David Livshiz*<br>Linda H. Martin*<br>Umer M. Ali*<br>Noelle Williams*<br>3 World Trade Center<br>175 Greenwich Street, 51st Floor<br>New York, NY 10007<br>Telephone: (212) 277-4000<br>Facsimile: (212) 277-4001<br>david.livshiz@freshfields.com<br>linda.martin@freshfields.com<br>umer.ali@freshfields.com<br>noelle.williams@freshfields.com<br>*Admitted *Pro Hac Vice*<br><br>*Attorneys for Varex Imaging Corporation* |

## WORD COUNT CERTIFICATION

I, Larissa Lee, certify that Varex Imaging Corporation's Memorandum of Law in Opposition to the Application of CETTEEN Gmbh for Discovery Pursuant to 28 U.S.C. § 1782 contains 3,095 words and complies with DUCivR 7-1(a)(4).


/s/ _Larissa Lee_
Larissa Lee