THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| VAREX IMAGIN CORP. and VAREX IMAGIN DEUTSCHLAND AG,<br><br>Plaintiffs,<br><br>v.<br><br>HOUMAN JAFARI, CETTEEN GMBH, H&P ADVANCED TECHNOLOGY GMBH, ESSPEN GMBH, and H&S HOLDING UG,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR EXTENSION OF TIME<br><br>Case No. 2:24-cv-796 HCN DBP<br><br>Judge Howard C. Nielson, Jr.<br>Chief Magistrate Judge Dustin B. Pead |

Defendants Hourman Jarfari, Cetteen GMBH, H&P Advanced Technology GMBH, Esspen GMBH, and H&S Holding, move the court for an extension of the deadline to answer or otherwise respond to the Complaint.[1] Defendants seek a two-week extension.[2]

Plaintiffs oppose Defendants' request arguing they have failed to establish good cause for an extension. In addition, Plaintiffs suggest Defendants' Motion is part of "coordinated tactics" to delay proceedings in the United States and in Germany and therefore should be denied. Finally, Plaintiff Varex claims it will be prejudiced by further delay and Defendants' Motion is unreasonable. The court is not persuaded by Plaintiffs' arguments.

Federal Rule 6(b) provides that the court may "for good cause" extend the time for a party to act.[3] This rule is "liberally construed to advance the goal of trying each case on the

---

[1] ECF No. 41. This Motion was referred to the undersigned on June 18, 2025, from Judge Howard Nielson. ECF No. 41.

[2] Defendants initially requested an extension until June 27, 2025.

[3] Fed. R. Civ. P. 6(b).

merits."[4] In fact, this court has noted that good cause ""often [] means little more than that there is a good reason for the action proposed to be taken.'"[5] Here, Defendants argue the following provides good cause: Plaintiffs' Complaint is 53 pages involving 214 separate allegations; Defendants are based in Germany, which impacts counsel's ability to communicate with Defendants; counsel for Defendants was initially retained while out of the office for a pre-existing commitment; counsel's schedule has been extremely demanding with other emergency proceedings; and there was a holiday weekend precluding some work. The court finds this is sufficient good cause to permit an extension. Plaintiffs' allegations of prejudice are unpersuasive for such a minor extension. And the court finds no basis to deny the motion based on purported criminal complaints with which Defendants are somehow allegedly engaged.

Accordingly, Defendants' Motion is GRANTED. Defendants are given until July 7th to answer or otherwise respond to the Complaint.

IT IS SO ORDERED.

DATED this 1 July 2025.

_____
Dustin B. Pead
United States Magistrate Judge

---

[4] *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016).

[5] *United States v. Real Prop. located at (Redacted) Layton, Utah 84040*, No. 1:07-CV-6-TS, 2010 WL 2787859, at *2 (D. Utah July 14, 2010) (quoting *California Trout v. F.E.R.C.*, 572 F.3d 1003, 1027 (9th Cir.2009)).