THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| VAREX IMAGIN CORP. and VAREX IMAGIN DEUTSCHLAND AG, <br><br>                 Plaintiffs, <br> v. <br><br> HOUMAN JAFARI, CETTEEN GMBH, H&P ADVANCED TECHNOLOGY GMBH, ESSPEN GMBH, and H&S HOLDING UG, <br><br>                 Defendants. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:24-cv-796 HCN DBP <br><br> Judge Howard C. Nielson, Jr. <br><br> Magistrate Judge Dustin B. Pead |

Before the court[1] are Plaintiffs' Motion for Leave to Conduct Limited Jurisdictional and Venue Discovery[2] and Defendants' Alternative Motion for Leave to Conduct Discovery.[3] Each of these motions relates to Defendants' Motion to Dismiss for improper venue and for lack of personal jurisdiction.[4] In essence Plaintiffs seek discovery to refute some of Defendants' arguments in that motion. For the reasons explained below, the court finds that jurisdictional and venue discovery is warranted here and therefore will grant Plaintiffs' Motion. Further, the court is persuaded that Defendants should be able to engage in reciprocal type discovery. Thus, Defendants Motion is also granted.

---

[1] This matter is referred to the undersigned from Judge Howard Nielson for consideration of nondispositive matters. ECF No. 50.

[2] ECF No. 63.

[3] ECF No. 74.

[4] ECF No. 53.

## BACKGROUND

Varex initiated this matter in October 2024 alleging Defendant Houman Jafari utilized other entities, including the named Defendants in this case, to engage in a "continuing scheme to improperly obtain, misappropriate, and illegally use intellectual property owned by his business partners and competitors."[5] Varex is a supplier of medical x-ray tubes, digital detectors, and other imaging solutions. Plaintiffs sought to develop carbon nanotube x-ray tubes to grow their business. Varex entered into a joint venture agreement with Defendants to "develop, produce, and sell x-ray imaging components and systems based on nanotube technology."[6] The joint venture did not turn out as the parties hoped. Instead, Jafari allegedly exploited the joint venture for his personal gain through various alter-egos leading to serious issues with Varex. This included loss of intellectual property, business relationships, and good-will Varex had with long-term customers. Varex brings claims for violations of RICO,[7] fraudulent inducement, trade secret misappropriation under federal and local Utah law, unjust enrichment, copyright infringement, and tortious interference.

The current dispute centers on jurisdictional and venue discovery as Defendants have moved to dismiss this case for improper venue and lack of personal jurisdiction.

---

[5] Complaint at 2.

[6] *Id.* at 4.

[7] RICO stands for Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962(d).

## LEGAL STANDARDS

A trial court has broad discretion in deciding whether to grant jurisdictional discovery.[8] "When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion."[9] A "refusal to grant discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant," and prejudice is present when "pertinent facts bearing on the question of jurisdiction are controverted" or when "a more satisfactory showing of the facts is necessary."[10]

The Tenth Circuit has emphasized that the question of "whether a non-resident defendant has the requisite minimum contacts with the forum state to establish in personam jurisdiction must be decided on the particular facts of each case."[11] Similarly, "[i]f a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained."[12]

## DISCUSSION

Varex moves for discovery on (1) the nature, frequency, purpose, and scope of defendants' contacts with Utah; (2) facts relating to whether Defendant Jafari and other entities are alter egos; (3) the availability and location of key documents and witnesses; and (4) the validity of the forum selection clause as it applies to Varex U.S., a nonparty to the parties'

---

[8] *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1188–89 (10th Cir. 2010) ("[I]n the context of a 12(b)(1) motion, '[w]e give the district court much room to shape discovery ....'" (alteration in original)).

[9] *Sizova v. Nat. Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) (citation modified).

[10] *Id.* (citation modified).

[11] *Benton v. Cameco Corp.* 375 F.3d 1070, 1076 (10th Cir. 2004) (citation modified).

[12] *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d. Cir. 2003) (citation modified).

agreement. Varex also seeks to conduct depositions of Jafari, Dr. Phat Tran, and Dr. Martin

Reimer. Each of whom submitted declarations on behalf of certain entities. Finally, Plaintiff

seeks to file a supplemental opposition to the pending motion to dismiss including any new facts

or information arising from the discovery.

The Complaint alleges that Jafari first traveled to Utah to meet with Varex U.S. in

February 2017 with follow up visits in April and October of that year.[13] Jafari declares that he

travelled to Utah on a "handful of occasions, each instance related to the Joint Venture

Agreement."[14] The Joint Venture Agreement was executed in November 2018.[15] The possible

timeline of events as stated by the parties does allow for all these statements to be correct. Varex

correctly argues it is not necessary for a dispute over the jurisdictional facts to warrant discovery.

Rather, this court has discretion to order jurisdictional discovery where a "more factual basis is

needed" to aid the court in deciding a motion to dismiss such as the one at issue here.[16] Even

with this discretion, the court will not allow discovery based on "pure speculation as to the

existence of helpful facts".[17]

Here, the court finds jurisdictional discovery regarding Jafari's trips to Utah will assist in

determining whether the court can exercise personal jurisdiction over Jafari. This is more than

---

[13] Complaint at ¶ 45.

[14] ECF No. 53-1 at 3.

[15] Complaint at ¶ 57.

[16] *B&D Dental Corp. v. KOD Co.*, No. 2:13-CV-236 TS, 2013 WL 5739783, at *3 (D. Utah Oct. 22, 2013) ("This Court has discretion to order jurisdictional discovery where jurisdictional facts are in dispute or more factual basis is needed.").

[17] *Nexus Spine, LLC v. Acuity Surgical Devices, LLC*, No. 2:24-CV-00658-RJS-JCB, 2025 WL 1446132, at *6 (D. Utah May 20, 2025); *see also Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1234 (10th Cir. 2020) (affirming denial of jurisdictional discovery based on "mere speculation").

mere speculation. Therefore, the court will grant discovery as to the first category sought by Varex.[18]

Next, Varex asserts it is entitled to discovery concerning the relationship between Jafari and the entity Defendants claiming they are alter egos. Defendants take issue with Varex's request, arguing Plaintiffs have failed to adequately plead its alter ego theory of liability, or "much less justify extensive discovery over international parties."[19]

The court does not disagree with the general proposition that conclusory allegations of alter ego status are insufficient to withstand a motion to dismiss or establish personal jurisdiction as held by Defendants' cited authority.[20] Here, however, the motion is focused on discovery regarding an alter ego theory of jurisdiction. Defendants are trying to place the cart before the horse so to speak, in resisting discovery that will help discern whether jurisdiction is appropriate. As this court has noted,[21] under Utah law, an alter ego theory of general jurisdiction requires that a plaintiff plausibly alleges two elements. First, a plaintiff must show that there is "such unity of interest and ownership [between two entities] that the separate personalities of the corporation no

---

[18] Under the due process clause, a court may exercise jurisdiction over a defendant so long as: (1) "the defendant purposefully established minimum contacts within the forum [s]tate," and (2) "the assertion of personal jurisdiction would comport with 'fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). A defendant's contacts, depending on their quality and quantity, may give rise to either general or specific jurisdiction. *See id.*

[19] Opposition at 5.

[20] Defendants cite to the following *U.S. v. Van Diviner*, 822 F.2d 960 (10th Cir. 1987) ("[C]onclusory allegations of alter ego status [are] insufficient to withstand [a] motion to dismiss." (citation modified); *see also Gas Sensing Tech. Corp v. Ashton*, 795 Fed. App'x 1010, 1021 (10th Cir. 2020) (concluding allegations of common ownership, control, address, and structure were "insufficient" to establish personal jurisdiction via alter ego theory); *Fugal v. Wright Med. Group, Inc.*, No. 2:18-cv-0367, 2019 WL 1406613, at *5 (D. Utah March 28, 2019) (holding that "conclusory statement" is "not sufficient to establish personal jurisdiction under . . . an alter ego theory"); *ClearOne, Inc. v. PathPartner Tech., Inc.*, No. 2:18-cv-427, 2019 WL 12043493 (D. Utah Sept. 30, 2019) (dismissing alleged alter ego based on insufficient allegations); *Int'l Bridge, Inc. v. VIP Parcel, LLC*, No. 2:23-cv-00695, 2024 WL 4349161, at *4 (D. Utah Sept. 30, 2024) (dismissing "conclusory allegations of alter ego").

[21] *Cruz v. Connexion Point, LLC*, No. 2:24-CV-00966-TC-DBP, 2025 WL 1569981, at *9 (D. Utah June 3, 2025).

longer exist ....”[22] Second, the party asserting jurisdiction under a theory of alter ego liability

must show that “the observance of the corporate form would sanction a fraud, promote injustice,

or an inequitable result would follow.”[23] Focused discovery into the particular elements of

establishing an alter ego theory of jurisdiction is warranted on the facts before the court.

Next, Varex seeks venue discovery on Defendants' Motion to Dismiss for *forum non*

*conveniens* arguing that when considering such a motion, a court engages in a “fact-based

inquiry” necessitating discovery. In opposition, Defendants rely on an out-of-circuit decision

asserting that generally a motion to dismiss based on *forum non conveniens* is decided solely

upon affidavits.[24] Thus, discovery is not needed. Defendants' authority is misplaced. Courts in

the Tenth Circuit apply the *Sizova* standard in deciding motions for venue discovery. This is

essentially the same standard as for jurisdictional discovery and not the standard Defendants urge

the court to apply.[25]

In the alternative, Defendants seek a “parallel opportunity to conduct venue discovery on

the availability and location of key documents and witnesses, ....”[26] The court is persuaded that

the parties may engage in narrow venue discovery under the relevant Tenth Circuit standards.

The court will therefore also grant Defendants' request for reciprocal discovery.

---

[22] *Norman v. Murray First Thrift & Loan Co*., 596 P.2d 1028, 1030 (Utah 1979).

[23] *Id.*

[24] *Norex Petroleum Ltd. v. Access Indus., Inc*., No. 2-cv-1499, 2003 WL 1484269, at *2 (S.D. N.Y. March 21, 2003) (unpublished).

[25] *C.R. Bard, Inc. v. AngioDynamics, Inc*., No. 2:12-cv-035-RJS-EJF, 2020 WL 13858870, at *1 (D. Utah Mar. 3, 2020) (unpublished) (“While Sizova refers specifically to discovery concerning jurisdictional facts, courts in the Tenth Circuit routinely apply the Sizova standard in deciding motions for venue discovery.”). *See, e.g., Proud Veterans*, 2012 WL 6681888, at *1 (“The discovery shall be narrowly tailored to the issue of whether any of the Defendants are subject to the Court's jurisdiction and whether venue is proper.”); *Christenson Media Grp., Inc. v. Lang Indus., Inc*., No. 10-2505-JTM, 2011 WL 2551744, at *5 (D. Kan. June 27, 2011) (relying on Sizova and allowing limited discovery concerning personal jurisdiction and venue).

[26] Alternative Motion for Leave to Conduct Venue Discovery at 2, ECF No. 74.

In similar fashion, the parties may engage in discovery regarding the applicability of the forum selection clause. That clause is central to the parties' jurisdictional disagreements and narrowly tailored discovery will help ascertain their applicability to the jurisdictional dispute.

Finally, the parties disagree over the scope of discovery. Defendants argue it should be limited to three interrogatories and three requests for production and have those request count toward the discovery limitation as set forth in the Federal Rules. In contrast, Plaintiff argues that any jurisdictional discovery and venue discovery should not be artificially limited, nor should it count against merits discovery presuming Defendants' Motion to Dismiss is not granted.

In reviewing the cases that have allowed discovery such as that sought here, it is evident that discovery is narrowly confined and not broad.[27] The parties are ORDERED to follow a similar approach. The discovery will not count toward later discovery as set forth in the Federal Rules, but the jurisdictional and venue discovery must be narrowly tailored. The court is not granting a general broad request for discovery. For example, the depositions of Jafari, Dr. Phat Tran, and Dr. Martin Reimer, are to be no more than one day of four hours each and not the standard seven hours as set forth in the Federal Rules.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Leave to Conduct Limited Jurisdictional and Venue Discovery[28] is GRANTED. Defendants' Alternative Motion for Leave to Conduct Discovery[29] is also GRANTED. Discovery shall be reciprocal.

---

[27] *See, e.g., C.R. Bard,* 2020 WL 13858870, at *3 (allowing ten document requests, five interrogatories and up to four hours of Rule 30(b)(6) depositions); *B&D Dental Corp. v. KOD Co.*, No. 2:13-CV-236 TS, 2013 WL 5739783, at *3 (D. Utah Oct. 22, 2013) (granting a request for "limited discovery").

[28] ECF No. 63.

[29] ECF No. 74.

The Parties are ORDERED to meet and agree on a plan to complete limited jurisdictional and venue discovery. This includes determining where depositions will be taken and by what method. Given the locations of the parties, modern deposition methods such as videoconferencing may be used. Further, the parties are to follow *C.R. Bard*,[30] for general guidance as to reducing the number of document requests and interrogatories.

IT IS SO ORDERED.


DATED this 5 February 2026.

_____
Dustin B. Pead
United States Magistrate Judge

---

[30] 2020 WL 13858870, at *3.