THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| VAREX IMAGIN CORP. and VAREX IMAGIN DEUTSCHLAND AG, <br><br> Plaintiffs, <br><br> v. <br><br> HOUMAN JAFARI, CETTEEN GMBH, H&P ADVANCED TECHNOLOGY GMBH, ESSPEN GMBH, and H&S HOLDING UG, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:24-cv-796 HCN DBP <br><br> Judge Howard C. Nielson, Jr. <br><br> Magistrate Judge Dustin B. Pead |

Defendants move the court for a protective order "refusing to compel German parties to sit for depositions within the foreign country of Germany or elsewhere."[1] According to Defendants, Plaintiffs have "demanded that Defendants travel internationally to sit for limited-scope jurisdictional depositions."[2] Such demands, according to Defendants, are unduly burdensome, unnecessary, and far exceed the purposes of jurisdictional discovery that this court ordered previously. As set forth herein, the court DENIES the Motion.

## BACKGROUND

Varex initiated this matter in October 2024 alleging Defendant Houman Jafari utilized other entities, including the named Defendants in this case, to engage in a "continuing scheme to improperly obtain, misappropriate, and illegally use intellectual property owned by his business partners and competitors."[3] Varex is a supplier of medical x-ray tubes, digital detectors, and

---

[1] Short Form Discovery Motion at 1, ECF No. 91. This matter is referred to the undersigned from Judge Howard Nielson for consideration of nondispositive matters. ECF No. 50.

[2] *Id.*

[3] Complaint at 2.

other imaging solutions. Plaintiffs sought to develop carbon nanotube x-ray tubes to grow their business and entered into a joint venture agreement with Defendants. Things did not go as the parties planned, and this matter followed. Varex brings claims for violations of RICO,[4] fraudulent inducement, trade secret misappropriation under federal and local Utah law, unjust enrichment, copyright infringement, and tortious interference.

On February 5, 2026, the court entered an Order granting Plaintiffs' Motion for Leave to Conduct Limited Jurisdictional and Venue Discovery and Defendants' request to engage in reciprocal discovery. In that order the court found that jurisdictional and venue discovery will be helpful in resolving this case. The court provided that the discovery "must be narrowly tailored" and the order did not grant a "general broad request for discovery."[5] The court specifically noted that the "depositions of Jafari, Dr. Phat Tran, and Dr. Martin Reimer, are to be no more than one day of four hours each and not the standard seven hours as set forth in the Federal Rules."[6] The current dispute centers on depositions and where they should be taken.

## DISCUSSION

At the outset the court rejects Defendants' proposal that jurisdictional discovery should be limited to only interrogatories and document requests. The court did not limit the type of discovery in its prior order and already rejected Defendants' argument that it should be limited to three interrogatories and three requests for production. Although discovery is narrowly confined, the persuasive authority cited to by the court did not place artificial limits on the type of

---

[4] RICO stands for Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962(d).

[5] Memorandum Decision and Order dated February 5, 2026, at 7, ECF No. 86.

[6] *Id.*

discovery as sought by Defendants.[7] To the extent Defendants seek to object to the court's prior order, that line of reasoning is denied.

Defendants next assert the Hague Convention forecloses taking of evidence in Germany of German nationals based on German law. Thus, there should not be any depositions in this case, and the court should prevent the depositions from occurring in the United States. Defendants argue they are not subject to personal jurisdiction in Utah, so deposition discovery is foreclosed.

The court need not decide whether Defendants are subject to personal jurisdiction in Utah at this time and finds Defendants' arguments and cited authority unavailing. While the cases relied on by Defendants may prevent discovery in Germany,[8] they do not prevent discovery from occurring elsewhere. Plaintiffs point to cases where German entities were required to sit for deposition in the United States.[9]

In its prior order the court noted that Defendant Jafari provided he had travelled to Utah on a "handful of occasions." Given this and the facts of this case, the court is persuaded that

---

[7] *See, e.g., C.R. Bard*, 2020 WL 13858870, at *3 (allowing ten document requests, five interrogatories and up to four hours of Rule 30(b)(6) depositions); *B&D Dental Corp. v. KOD Co.*, No. 2:13-CV-236 TS, 2013 WL 5739783, at *3 (D. Utah Oct. 22, 2013) (granting a request for "limited discovery").

[8] *See, e.g., Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 558, 107 S. Ct. 2542, 2563, 96 L. Ed. 2d 461 (1987) ("The Federal Republic of Germany, in its diplomatic protests to the United States, has emphasized the constitutional basis of the rights violated by American discovery orders."

[9] *See, e.g., In re Vitamin Antitrust Litig.*, No. MDL NO. 1285, 2001 WL 35814436, at *10 (D.D.C. Sept. 11, 2001) (granting a motion to compel German entities to sit for depositions in the United States because "Federal Rules-type depositions would be an affront to the sovereignty of Germany and France"); *Work v. Bier*, 106 F.R.D. 45, 56, 226 U.S.P.Q. 657, 2 Fed. R. Serv. 3d 679 (D.D.C. 1985) (requiring the defendants to "submit to pretrial discovery in the United States, including appearing for oral depositions" based on restrictions in the Hague Convention).

Defendants may be subject to discovery in the United States. Although this will present some inconvenience to Defendants, such inconvenience is warranted given the importance of the discovery and circumstances in this case. The court does not find that limited discovery will be unduly burdensome or not proportional to the needs of the case.

Perhaps underlying part of Defendants' Motion is the cost of such discovery. Under Federal Rule 26(c) the court may specify the allocation of expenses for discovery.[10] That issue is not squarely before the court. Thus, the court does not make any decision as to shifting or splitting discovery costs. However, the parties should utilize the most cost-effective means possible in conducting the limited authorized discovery.

**ORDER**

For the reasons set forth above, Defendants' Short Form Discovery Motion for a protective order is DENIED.[11]

IT IS SO ORDERED.

DATED this 8 July 2026.

Dustin B. Pead
United States Magistrate Judge

---

[10] *See, e.g., Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358, 98 S. Ct. 2380, 2393, 57 L. Ed. 2d (1978) (the presumption under the rules is that the responding party must bear the expense of complying with discovery requests, but Rule 26(c) allows for the requesting party's payment of costs of discovery); *Lawson v. Spirit AeroSystems, Inc.*, No. 18-1100-EFM-ADM, 2020 WL 3288058, at *8 (D. Kan. June 18, 2020), aff'd, No. 18-1100-EFM, 2020 WL 6939752 (D. Kan. Nov. 24, 2020) ("Courts have long recognized that cost-shifting may be appropriate where ESI is not reasonably accessible.").

[11] ECF No. 91